**UNITED STATES of America, Plaintiff,**

v.

**Juan Ramon GARCIA, Defendant.**

No. 91–30009.

United States District Court,
C.D. Illinois,
Springfield Division.

April 7, 1993.

---

Colin S. Bruce, Asst. U.S. Atty., Springfield, IL, for plaintiff.

Michael Metnick and D. Peter Wise, Springfield, IL, for defendant.

### OPINION

RICHARD MILLS, District Judge:

Defendant Garcia was convicted by a jury of possession of marijuana with the intent to distribute.

Thereafter, the Court of Appeals reversed and remanded. The mandate has been received and the case will be set for trial.

However, this Court is disturbed by the misrepresentations concerning Mr. Garcia's trial contained in the Seventh Circuit's opinion. The penultimate paragraph of that opinion, citing no case law, reads as follows:

Because the foregoing analysis requires a reversal of Mr. Garcia's conviction, we do not need to reach the defendant's remaining arguments. However, we are con-

strained to mention one error that occurred during trial. Pursuant to the defendant's request, the trial court should have directed the government to close the marijuana containers in the courtroom at the conclusion of the government's case. Permitting the containers to remain open and emit the odor of marijuana during the defendant's case-in-chief was erroneous. This is particularly so where the odor of marijuana in the truck's cab was a key issue. The government's refusal to close the containers appears to be no more than an effort to produce a condition which supported its theory of guilt—an effort carried out during that portion of the trial given over to the defendant for his presentation of evidence. Such a tactic was improper and the court should have precluded it.

*United States v. Garcia,* 986 F.2d 1135, 1141 (7th Cir.1993). Apparently, the Seventh Circuit has been left with the incorrect impression that Mr. Garcia's trial was conducted in a courtroom containing an overbearing scent of marijuana. This Court believes the record should be clarified.

During the trial, the Court admitted—without objection—Government's Exhibit 1 which included several cardboard boxes containing marijuana, samples of marijuana contained in plastic bags, and a bale of marijuana still in its original packaging. Prior to the admission of Exhibit 1, the Court admitted all of the other original packaging, the suitcases containing the marijuana bricks, and photos of the marijuana as originally found. Deputy U.S. Marshal Harmening testified about the condition of the marijuana when he received it in its original packaging. (Trial Transcript, at 35–36, 81–82, and 144–150).

After Exhibit 1 was admitted, the Government asked to publish a portion of it to the jury and to display the remainder. Defense counsel did not object to this request and the Court permitted Exhibit 1's publication by allowing the jury to leave the jury box and walk over to Exhibit 1's location in the courtroom to view the marijuana.

After Exhibit 1 was published, Defendant moved to close it on the grounds of prejudice. In determining whether relevant

evidence is more prejudicial than probative, the balancing test of Fed.R.Evid. 403 is applied. As noted by the Seventh Circuit, any evidence of crime carries with it a degree of prejudice. *United States v. Gonzalez*, 933 F.2d 417 (7th Cir.1991). However, the prejudicial effect of the evidence must substantially outweigh its probative value in order for the evidence to be barred. *United States v. Kramer*, 955 F.2d 479 (7th Cir.1992).

Several courts have indicated that the physical display of properly admitted evidence in the courtroom is appropriate. In *Gonzalez*, the Seventh Circuit refused to find that the display of 2,248 kilograms of cocaine within the courtroom for a limited time was prejudicial to the defendant in view of the facts that the amount of cocaine involved had a direct relationship to several issues in the case and the jury was given a limiting instruction to that effect. In *United States v. Rodriguez*, 926 F.2d 418 (5th Cir.1991), the defendant objected to the presence of marijuana in the courtroom contending that the display violated Fed.R.Evid. 403 and his constitutional due process rights because the jury could see and smell it. The Fifth Circuit concluded that Rule 403 did not require the marijuana's exclusion from the courtroom. Moreover, the defendant's due process rights were not violated because the Government did not act in bad faith, its use of the display throughout the trial provided sufficient reason for the marijuana's presence, and the jury did not view the marijuana for any unreasonable length of time. *Rodriguez*, 926 F.2d at 420–21. Finally, in *United States v. Cahalane*, 560 F.2d 601 (3d Cir. 1977), *cert. denied*, 434 U.S. 1045, 98 S.Ct. 890, 54 L.Ed.2d 796 (1978), the Third Circuit held that the display of properly admitted rifles, throughout a lengthy trial, was not prejudicial to the defendants due to the nature of the case—conspiracy to distribute arms and ammunition to Northern Ireland—and the fact that "continued exposure to even emotion-arousing objects tends to reduce their effect." *Cahalane*, 560 F.2d at 607.

■ In this case, the marijuana contained in Exhibit 1 was the principal physical evidence. Consistent with this Court's practice of allowing parties to publish exhibits admitted into evidence, and with no objection, the Government was allowed to have Exhibit 1 displayed to the jury. (Although Defendant could have requested a limiting instruction concerning the purpose for which the marijuana was admitted, he did not do so. *See Gonzalez*, 933 F.2d at 427 (7th Cir.1991)).

As to the effect that the publication of Exhibit 1 had on the trial, the Court of Appeals appears to have relied on the misrepresentations of Defendant's counsel, Attorney D. Peter Wise, concerning the odor of marijuana in the courtroom rather than on the record. Certainly, nothing in the record supports Mr. Wise's depictions, throughout his brief, that the "strong, pungent odor of marijuana" permeated the courtroom. (Brief for Defendant–Appellant, at 49; *see also* pp. 13, 35, and 38). Mr. Wise dissembles. This district judge presided at trial and can categorically state that there was no "strong, pungent odor of marijuana" pervading the courtroom.

In fact, the Government, in its appellate brief, pointed out those portions of the trial transcript that indicate the *opposite* is true. (*See* Brief of Plaintiff–Appellee, at 39). The record reads as follows:

MR. BRUCE [for the Government]: Nice little—. Judge, perhaps it would be best if we had the jury step down and examine Exhibit 1.

THE COURT: Any objection to that, Mr. Wise?

MR. WISE: No.

THE COURT: All right. Why don't we do that. Let's take the first row and, including the alternates, come right this way. And then we can pass right through.

MR. RISLEY [for the Government]: Can I move this bale over there (indicating)?

THE COURT: Sure.

(Whereupon Government's Exhibit 1 was published to the jury.)

THE COURT: Don't take any of it with you back to the jury box.

FROM THE JURY: I was just thinking of that. Is it all right to smell it?

THE COURT: Sure. Reach down and smell it, if you'd like to.

FROM THE JURY: I want to smell, too. I never smelled marijuana.

THE COURT: Cleans your nostrils?

FROM THE JURY: No. I would never recognize it again. I don't think so. Maybe in smoke.

THE COURT: Kind of dried out a little, too, there.

(Whereupon the jury returned to the jury box.)

(Trial Transcript, at 165–66).

The trial transcript indicates that at least two jurors could not smell the marijuana, even though they were standing right next to it, and since they requested to pick up the marijuana for a closer smell. One juror clearly demonstrated that the marijuana's odor was weak even when placed right under the nose. (In fact, this juror's statements lends credence to Defendant's claim at trial that because he did not recognize the odor of marijuana, he was unaware of its scent inside the truck cab.)

Mr. Wise's distorted version is simply not true.

Mr. Garcia's trial was *not* conducted in a courtroom containing the "strong, pungent odor of marijuana."